RISK *v.* LOUISVILLE TIE COMPANY, INC. ET AL.

[No. 16,058.  Filed January 26, 1938.]

*Arthur D. Cutler, Joseph M. Cooper* and *Donald R. Bear,* for appellant.

*Paul R. Schnaitter, E. S. Roberts, Maurice W. Gaston* and *Clyde H. Jones,* for appellees.

KIME, J.—The appellant here filed an application for compensation naming the Louisville Tie Company, Inc., as one of those liable for compensation. Later additional parties were added as defendants. The Industrial Board made an award in favor of the appellant and against the Louisville Tie Company alone and dismissed as to all of the other named appellees. It is from this award that this appeal is prosecuted under the statutory assignment of error.

It is admitted that all the facts necessary to sustain

an award are present and the only question presented here is whether or not the award should have been made against other and additional parties.

From an agreed stipulation it appears that the Dupont State Bank was the owner of a farm of 462 acres and that this farm was sold to Ray S. Tuell under a contract of sale, which provided that in consideration of $18,000.00 the bank sold to Tuell certain described real estate containing 462 acres and that Tuell paid $2,500.00 in cash and obligated himself to pay the further sum of $1,000.00 October 31, 1934, and a like amount on the first of each month thereafter until the balance of the purchase price was paid. The contract further provided that Tuell should pay for the insurance on the buildings located on the premises, pay the taxes payable in 1935 and all subsequent taxes, the crops on the land were reserved to the vendor and the vendee to have full and complete possession of the premises after the date of the contract, which was August 8, 1934. The contract then provided, "Second party may enter upon said real estate, cut and market the timber growing on said real estate providing all the proceeds therefrom are deposited in and with first party and all the proceeds except the actual, necessary expenses of marketing said timber are applied on the purchase price of said farm, until fully paid. Second party has the privilege of paying more than one thousand ($1,000.00) dollars a month on said purchase price and making said additional payments at any time. Second party agrees to employ Floyd Wildman of Dupont, Indiana, or someone else satisfactory to first party as bookkeeper, to keep an account of all transactions in the sale and marketing of said timber. First party is to have access to the books, at all reasonable times, to be advised to whom any of said timber or the products thereof are sold and it may be sold only to responsible parties and at reasonable or market prices

satisfactory to first party until the purchase price of the farm shall have been paid."

It is by the terms of the above quoted portion of the contract that the appellant seeks to hold the additional parties, and contends that this was a contract for the performance of work by a contractor, subject to the compensation provisions of the Indiana Workmen's Compensation Act, section 14 of which is as follows: "The state, any political division thereof, any municipal corporation, any corporation, partnership or person, *contracting for the performance of any work* by a contractor subject to the compensation provisions of this act without exacting from such contractor a certificate from the industrial board showing that such contractor has complied with sections 5, 68, and 69 of this act, shall be liable to the same extent as the contractor for compensation, . . . on account of the injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract.

"Any principal contractor, intermediate contractor, or sub-contractor, who shall sublet any contract for the performance of any work, to a subcontractor subject to the compensation provisions hereof, without requiring from such subcontractor a certificate from the industrial board showing that such subcontractor has complied with sections 5, 68 and 69 hereof, shall be liable to the same extent as such subcontractor for the payment of compensation, . . . on account of the injury or death of any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract."

If the contract between the bank and Tuell was a contract for the performance of work by a contractor subject to the provisions of the act the bank and Tuell were liable for their failure to exact a certificate as required.

As we interpret this contract it was not a contract for the performance of work but was a contract for the purchase and sale of real estate. The bank contracted to sell this property to Tuell upon certain conditions and Tuell contracted with the bank to make certain payments and in the event of certain contingencies to do certain other things, but none of these things could be said to overthrow the major objective of the contract for the sale of the real estate. Since this was not a contract for the performance of work as contemplated by section 14 of the compensation act there is no liability as to either Tuell or the bank or their assignees.

The award of the Industrial Board is affirmed.